IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALIGHT SOLUTIONS, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 20 C 3043 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| SUSAN THOMSON, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant ("Thomson") has filed a motion to compel the plaintiff ("Alight") to "to fully and completely comply with its discovery obligations by answering Interrogatory Nos. 2, 13 and 14, or specifically responding to Topics for Investigation Nos. 5, 6 and 14. For the following reasons, the motion [Dkt. # 81] is granted in part as follows.

The parties have struggled a bit to articulate what they are fighting about. In a year and a half, there have been two versions of the Complaint, and four versions of the counterclaim. That's rarely a good omen. And discovery has not been smooth either. It has been extended multiple times [Dkt. ##44, 70, 78, 80] for a total of six additional months past the original deadline of April 30, 2021, which the parties, themselves, selected. [Dkt. ##21, at 5; 25; 80]. Inexplicably, the discovery dispute addressed in the current motion to compel has dragged on for about a year.[1] The interrogatories at

---

[1] As the resolution of discovery disputes is committed to the court's broad discretion, *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013), it behooves parties to work things out on their own in compliance with Local Rule 37.2. Discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996); see also *Mejia v.*
(continued...)

issue were served on October 19, 2020 [Dkt. #81-1, Page 10/20], and the responses were provided on November 18, 2020. [Dkt. #81-2, Page 5/9]. When Ms. Thomson filed her motion to compel on September 28th, there were just two weeks left in the fact discovery schedule of October 12th. That's cutting it close; but it is not nearly as bad as what Alight would bring to court two weeks later, with no more than a couple of hours left before the discovery deadline.

From Alight's perspective, this case is about Thomson leaving the fold for another company, Embold, and allegedly taking certain purported trade secrets with her. According to the Alight's Complaint, Embold directly competes with Alight in the "healthcare navigation" business throughout the United States and in other countries. Alight further alleges that Thomson agreed to a two-year covenant not to compete, which bound her not to: (a) call upon or solicit (I) clients of Alight with respect to which Thomson provided services, had a business relationship, or on whose accounts she worked or became familiar, or (ii) prospective clients of Alight which Thomson participated in soliciting during the last six months of her employment and to which a proposal was made; (b) solicit or attempt to induce any person employed with Alight to terminate their employment or association with Alight. [Dkt. #53].

---

[1](...continued)
*Cook Cty., Ill.*, 650 F.3d 631, 635 (7th Cir. 2011)("it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both."); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Sanders v. Cangiolosi*, 2021 WL 1121084, at *2 (N.D. Ill. 2021). A party that steadfastly maintains its position without budging – as the parties have essentially done here – could be "right", but find itself on the losing side, and properly so, when the matter comes before the court and the court's discretion leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides at least a somewhat satisfactory resolution. At least one that does not require judicial intervention, as the Local Rule and the Federal Rules of Civil Procedure envision. *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. 2016). As Judge Kendall has remarked, in frustration, "I shouldn't have to hand-hold lawyers that are of this caliber to do something like that." *Williams v. Ests. of Hyde Park, LLC*, 2020 WL 5702297, at *1 (N.D. Ill. 2020). The "something like that" involved a mundane discovery matter.

It's not as compelling as Kurosawa's *Rashomon*, but the story is completely different in Thomson's counterclaim. Thomson charges Alight with discrimination. After 22 years with Alight, she was terminated and replaced with a male who was 15 years her junior. Thomson also says Embold doesn't compete with Alight, and that Alight defaulted on the severance payments it agreed to make to her in exchange for her covenant not to compete. [Dkt. #69].

Given what this case seems to be about, the discovery at issue is basic. Interrogatory #2 asked Alight to "list every instance where [Alight] competed against Embold for a customer or client." Alight objected to Interrogatory No. 2 as "vague, overly broad, and unduly burdensome." And it referred Thomson to its answer to Interrogatory #5. [Dkt. #84-4]. Interrogatory #5 asked Alight to "describe the products and services offered by [Alight] and the geographic region containing its customers and how those products or services compete against Embold." In response, Alight stated that:

> its Healthcare Navigation Solutions products are designed to connect individuals with high quality, cost effective healthcare. These products are offered nationwide and enable clients, such as employers and health plans, to empower employees and participants to make simpler, smarter healthcare decisions and to improve the overall employee benefits experience. Alight's Navigation Solutions enable individuals to maximize their benefits, improve outcomes and lower overall health plan costs for clients' organizations, by, among other things: providing unbiased guidance in selecting a health plan and support for medical, dental, and vision benefits; finding highly-rated doctors, dentists, and eye care professionals in a specific area and network who meet individuals' preferences and healthcare needs; helping individuals understand and use their health benefits; and compare costs for care. Embold's products likewise identify and connect clients' employees with top-performing physicians in clients' health plans; improve quality, decrease unnecessary care and reduce cost. In further response, Alight incorporates herein paragraphs 2 and 4 of plaintiff's Complaint.

[Dkt. # ]. In those two paragraphs of what was, at the time Alight's original Complaint, Alight alleged:

> Alight is a leading provider of integrated benefits, payroll, and cloud solutions. A significant part of Alight's business is its Healthcare Navigation Solutions ("Healthcare Navigation"), which enables clients, such as employers and health plans, to empower employees and participants to make simpler, smarter healthcare decisions and to improve the overall employee benefits experience.
>
> Like Alight's Healthcare Navigation business, Embold's products help clients' employees and plan participants to identify and connect with top-quality healthcare providers. To provide these services, like Alight, Embold combs through reams of data from public and private insurance plans to help employers and health plans identify top-performing healthcare providers in terms of cost-effectiveness and patient outcomes.

[Dkt. #1].

Now, in Alight's Amended Complaint, filed six months after Alight answered Interrogatories Nos. 2 and 5, Alight claims:

> A significant and growing part of Alight's business is its Healthcare Navigation Solutions ("Healthcare Navigation"), which enables clients, such as employers and health plans, to empower employees and participants to make simpler, smarter healthcare decisions and to improve the overall employee benefits experience. Alight studies cost and quality patterns of healthcare providers, and based upon that information, offers its clients technological solutions to help steer people to the right doctors.
>
> Like Alight's Healthcare Navigation business, Embold's products, including its "provider guide," help clients' employees and plan participants to identify and connect with top-quality healthcare providers. To provide these services, like Alight, Embold obtains and analyzes insurance claims data to help employers and health plans identify top-performing doctors in terms of appropriateness, effectiveness, and cost.

[Dkt. #53].

First of all, it has to be said that the objections "vague, overly broad, and unduly burdensome" are the type of unacceptable "boilerplate" objections that are tantamount to making no objections at all. *See, e.g.,* Fed.R.Civ.P. 33(b)(4)("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for

4

good cause, excuses the failure."); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)(court did not abuse its discretion in deeming facts admitted where plaintiff "provided only boilerplate objections, such as 'relevance' and 'vague and ambiguous.'"); *Extended Care Clinical v. Scottsdale Ins.*, 2021 WL 2894163, at *2 (N.D. Ill. 2021)(collecting cases); *Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020).

So, those objections from Alight were unacceptable, and Alight does not attempt to argue otherwise. The only possible reason that they were lodged was to frustrate discovery as all of the cases throughout the nation hold, they are pointless and waste judicial resources.

But, at least, Alight did refer Thomson to its response to Interrogatory #5 and two paragraphs in its Complaint. Apparently, both Alight and Embold somehow provide guidance in selecting a health plan and finding highly-rated doctors, dentists, and eye care professionals who meet employee preferences and needs, help employees understand and use their health benefits; and compare costs for care. It's vague in the way the court sees many businesses describe and promote what they do. Neither Alight nor Embold make anything, so describing what they do is necessarily fuzzy. Basically, they seem to identify good healthcare providers that don't cost employer insurance plans too much money. Thomson, who has worked in the industry for years can't quite put her finger on why this doesn't describe what the companies do, other than to say all companies would assert their services reduce costs. [Dkt. #81, at 4]. Arguably, the answer says a bit more than that, though.

What's missing from the answer, however, is any reference to a geographic region of customers or any mention of an instance where Alight competed against Embold for a customer or client. In these respects the answers are non-responsive and vague. If Alight thinks Embold is its

5

competitor, it can surely tell Alight where and for whom, specifically. And it can't point to deposition testimony in order to shirk its responsibilities as a litigant. Geography can be important in cases like these. *Liautaud v. Liautaud*, 221 F.3d 981, 987 (7th Cir. 2000); *Freund v. E.D. & F. Man Int'l, Inc.*, 199 F.3d 382, 385 (7th Cir. 1999).

Alight points out that, about a year after its interrogatory answers were due, it supplemented its answer to Interrogatory No. 2 on September 13, 2021. [Dkt. ##81-7].[2] It lodged the same unacceptable objections, of course, but added that it "refers to and incorporates herein the April 29, 2021 deposition testimony of Alight Rule 30(b)(6) deponent, Adam Johnson." [Dkt. #81-7]. But, that's unacceptable as well.

With the limited exception of business records, under Fed.R.Civ.P. 33(d), and other documents in far more limited circumstances,[3] an interrogatory response has to be complete in and of itself and stand on its own. *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *6 (N.D. Ill. 2020); *Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406, at *4 (N.D. Ill. 2006). That means the response should not refer to "pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without [a] cross-checking comparison of answers." *Ropak Corp.*, 2006 WL 1005406, at *4. Accordingly, court after court has found it improper for a party to answer an interrogatory by incorporating by reference to deposition testimony. *See, e.g., Beijing*

---

[2] Much of Alight's response brief reads as a summary judgment motion, dedicated to arguing that the "evidence establishing competition between Alight and Embold." [Dkt. # 83, at 4-10]. But that's a matter for another time and well beyond the purview of a discovery referral.

[3] *See, e.g., Howard v. Urb. Inv. Tr., Inc.*, 2011 WL 976767, at *1 (N.D. Ill. 2011) and cases cited therein.

*Choice*, 2020 WL 1701861, at *6; *Ropak Corp.*, 2006 WL 1005406, at *4; *Hill v. City of Harvey*, 2019 WL 6173415, at *1 (N.D. Ill. 2019); *Menotti v. Metro. Life Ins. Co.*, 2010 WL 375619, at *4 (N.D. Ill. 2010); *see also Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012); *Roman v. City of Reading*, 121 F. App'x 955, 959 (3d Cir. 2005); *Trueman v. N.Y. State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. 2010); *see also Bell v. Woodward Governor Co.*, 2005 WL 289963, at *4 (N.D. Ill. 2005)(finding that reference to deposition testimony was unacceptable as testimony could often be interpreted in different ways). And it is certainly improper, categorically, to answer an interrogatory by reference to an entire deposition, without any citation to specific pages.

Moreover, a little common sense will demonstrate why Alight is wrong on this point entirely. Federal Rule of Civil Procedure 26(e)(1)(A) provides that a party who has made a disclosure or responded to an interrogatory must supplement or correct his disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also Saathoff v. Davis*, 826 F.3d 925, 931 (7th Cir. 2016). Here, Alight purported to supplement its deficient interrogatory response by point to the deposition of one of its corporate officers.[4] But that deponent didn't suddenly "learn" whether and how Embold competed with Alight in April 2021. If he knew in April 2021, he knew back in November 2020, and that means Alight knew. Alight did not happen upon the answer through some investigation months after it served its responses.

---

[4] Alight never informs the court what, exactly, Mr. Johnson's position is. [Dkt. #83, at 3, 4, 5, 6, 7, 8, 10].

7

Additionally, Thomson was entitled to an answer to the interrogatories within 30 days. Fed.R.Civ.P. 33(b)(2). Now, it's true that discovery deadlines are seldom met. Thus, counsel's failure in this case to have met deadlines was unfortunately not unusual. But having to wait a year for a response is unacceptable, by any standard. After all, the lawyers in this very case were unable to meet any of the discovery deadlines that they were allowed to select for themselves. [Dkt. ##44, 70, 78, 80]. And while depositions are often left until late in the discovery process to allow answers to interrogatories to be completed by referencing deposition testimony virtually guarantees the response will not come until the eve of the close of discovery.

Accordingly this portion of Thomson's motion is granted, and Alight has to supplement its answer, which was due last November, in seven days. The court understands, however, the burden and difficulty of detailing every instance of competition – if, in fact, there are any – but, Alight should be able to provide at least ten specific examples since it brought the lawsuit and made the allegations regarding Embold. If it is unable to, it must say so.

Interrogatory Nos. 13 and 14, served back in November 2020, asked:

13. Please identify all members of Alight's senior leadership or "XLT" team that Alight terminated between November 1, 2019, and November 1, 2020. In your response, please provide each individual's initials, age, and gender.

14. Please identify all members of Alight's senior leadership or "XLT" team that Alight hired between November 1, 2019, and November 1, 2020. In your response, please provide each individual's, initials, age, and gender.

[Dkt. #81-1, Page 16/20]. Alight first responded with more unamplified boilerplate objections: "vague, overly broad, unduly burdensome, and on the grounds that [they seek] information that is not relevant and not calculated to lead to the discovery of admissible evidence." [Dkt. #81-8]. Alight then later supplemented its answers only a couple of months ago in August 2021, and

provided a chart of the "individuals who were removed from (No. 13) or added to (No. 14) Alight's "XLT" distribution list between December 2019 and December 2020." [Dkt. #81-8]. Obviously, that doesn't answer the interrogatory. A distribution list isn't necessarily who was hired and fired, the timeframe is wrong, and the chart does not show initials.

By the same token, however, the interrogatory is poorly drafted. That much is conceded by Thomson's counsel in the motion to compel. It is global in scope, a flaw that is only addressed in a footnote in Thomson's motion to compel. [Dkt. #81, at 8 n.4]. That ought have been corrected long ago. Second, confusingly, defendant's motion asks that its interrogatory somehow be interpreted to cover three years, rather than the one year the interrogatory clearly asks for. [Dkt. #81, at 8]. Thomson provides no case law to support this request until its reply brief [Dkt. #88, at 10] which, of course, is too late. Arguments not raised or fully developed until a reply brief are waived. *Clothier v. GoJet Airlines, LLC*, 996 F.3d 426, 451 (7th Cir. 2021); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009). Accordingly, this portion of Thomson's motion is granted in part and denied in part. Alight is ordered to provide the exact information requested for the timeframe in the interrogatory, albeit limited to the United States,[5] in seven days.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/29/21

---

[5] Alight claims its principal place of business is Lincolnshire, Illinois; that Thomson lives in Connecticut, and that Embold's principal place of business is in Nashville, Tennessee. Accordingly, while the answers need note be global, they need to cover far more territory than Alight would like.